[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATIONS TO VACATE AND TO CONFIRM ARBITRATION AWARD CT Page 1918
This action was begun by service of process on December 9, 1989. The matter (not the file) came before this court on January 11, 1993 per Short Calendar No. 7. Only the grievant, Allan Reese (Reese) was present and he asked the court to "take the papers." The court did. This court received the file later that day, January 11, 1993.
Applicant seeks to vacate the award for three distinct reasons. Respondent moves to confirm.
Facts
Reese was employed by the State of Connecticut Department of Corrections (Department) for twelve and one half years. He had a substance abuse problem and conferred with Mr. Robert Steward, a substance abuse counselor at the Institute of Living (Institute) in Hartford. Reese had earlier been informed by his supervisor that he was expected to abide by any recommendation for treatment made by Mr. Stewart. Among the options discussed but not recommended at a March 23, 1989 conference was an in-patient chemical dependency program.
On March 28, 1989 Reese was informed by letter of his dismissal from employment retroactive to March 24, 1989. No specific hearing was held before the dismissal.
On July 1, 1989 the Department and the applicant Union entered into a written agreement for arbitration.
The case was heard by Arbitrator Howard Sacks (Arbitrator) of the Connecticut State Board of Mediation and Arbitration on August 30, 1989. No evidence of deterioration in Reese's job performance was presented at the arbitration hearing, nor was any reference made to such deterioration in the post-hearing briefs of the parties.
The Union has learned that the Arbitrator sent an ex parte employment record release form to Reese. Upon the return of said form bearing Reese's signature, Arbitrator, possibly acting without the consent or knowledge of the Union, CT Page 1919 on October 11, 1989 visited the Institute where he inspected the Institute's medical file in regard to Reese.[1] The Union remained unaware of both the employment records release form and the fact that the inspection of records had actually occurred until February 1990.
Arbitrator issued the award November 21, 1989. The Arbitrator's discussion contains a reference to "some evidence that Grievant's performance had suffered as a result of cocaine use." That "evidence" was not used to support the Arbitrator's conclusion that the Union did not prove that the employer's drug treatment rule was irrational.
Arbitrator did "not deal with" the issue of the Reese's possible rights under Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985)
Law
I. Arbitrator Misconduct
An award shall be vacated "if the arbitrators have been guilty. . . of any . . . action by which the rights of any party have been prejudiced." Connecticut General Statutes52-418(a)(3).
The discussion by the Arbitrator makes clear that no prejudice resulted from any use of ex parte material. The Arbitrator clearly based his decision on his finding that "a parole agency can require its officer not to use drugs."
In addition, of course, the Union has failed to sustain its burden of proof that the Arbitrator ever acted without its knowledge.
II. Mutual Final and Definite
Any claim of a lack of mutuality, finality or definiteness has been abandoned by the Union as no facts or argument have been presented to this court, other than the claim itself that the award lacked those features.
III. "Loudermill"
To support an award it must conform to the CT Page 1920 submission. Local 63, Textile Workers Union v. Cheney Bros.,141 Conn. 606 (1954). Here it did.
Union now presents what it calls a "due process" claim. Due process deals with the question of what "process" or procedure is due. "The procedure that is due in any given case depends upon the extent to which a person is `condemned to suffer grievous loss'" Lee v. Board of Education,181 Conn. 69, 73.
In our case the Union fails to state what process it has proven was due Reese which he did not receive. By citing Cleveland Board of Education v. Loudermill, 470 U.S. 532
(1984) the Union might be suggesting that a pre-firing hearing should have been held but never says why. Nor does it even say why arbitration is not appropriate "due process". In addition it never explains why it did not submit the due process claim to the Arbitrator. Due process has been received.
Motion to Vacate is denied and Motion to Confirm is granted.
N. O'Neill, J.